**State of Vermont**
**Superior Court—Environmental Division**

==========================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

==========================================================================

**In re Bjerke Zoning Permit Denial**                                    **Docket No. 72-5-11 Vtec**
**(Municipal Appeal)**

Title: Motion to Strike (Filing No. 4)

Filed: September 20, 2012

Filed By: Applicant Alan Bjerke

Response Filed: October 2, 2012 by Appellee City of Burlington

  X_ Granted                    ___Denied                    ___ Other

      This case comes before us on appeal from the City of Burlington Development Review Board's (the DRB) decision to deny Mr. Bjerke (Applicant) a permit to renovate his property. During the hearing before this Court, Applicant objected to the admission of a certified copy of the Town of Burlington Zoning Ordinance. Because the City submitted a certified copy in accordance with Vermont Rules of Evidence (V.R.E.) 902 and 1002, the Court admitted the ordinance. Applicant maintained a standing objection, however, to the admission of the ordinance. After the close of evidence, the City submitted a letter to the Court informing us that four pages had been inadvertently omitted from the certified copy admitted into evidence at trial, and asked to supplement the record. Applicant then filed a Motion to Strike, which is currently pending before this court.

      Although the document submitted was "self-authenticating," the Reporter's Notes to V.R.E. 902 make it clear that self-authentication is only a presumption of accuracy that shifts the burden onto the opponent to prove that the document is not what it purports to be. In this case, the document purported to be a true, accurate, and complete copy of the City of Burlington Zoning Ordinance. Because some pages were omitted, the document was incomplete. Accordingly, we **GRANT** Applicant's objection and Motion to Strike from the record the certified copy of the ordinance submitted during the trial.

      There is, however, sufficient evidence in the form of both trial testimony and references in the parties' filings to support a conclusion that the City of Burlington Zoning Ordinance exists and that it contains the provisions referenced by Applicant in his Statement of Questions. Based on this evidence, the Court may, on its own motion, seek to hold a partial new trial in accordance with V.R.C.P. 59(a) and (d) to consider whether a complete, certified copy of the ordinance may be submitted into evidence. See In re Pet. Of Twenty-Four Vt. Utils., 159 Vt. 339, 356–357 (1992) (under the V.R.C.P., a motion to reopen the evidence is considered a motion for a partial new trial).

      Accordingly, the Court will hold a hearing on whether to reopen the evidence of this case. If, at the hearing, the Court concludes that it should reopen the evidence, the Court will also conduct a partial new trial on the limited issue of whether the City of Burlington Zoning Ordinance, referenced by both parties in their filings and in trial testimony, may be admitted

into evidence.  Because this will be a partial new trial, evidence will only be accepted on that limited issue.  The contents of the ordinance will be determined as a matter of fact, and the legal significance of the contents will be determined as a matter of law.  V.R.C.P. 44.1(b).  The enclosed Notice of Hearing provides further details about the hearing on whether to reopen the evidence and the potential partial new trial.


_____                    _____October 23, 2012_____
                Thomas G. Walsh, Judge                                                Date

=================================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:

   Appellant Alan Bjerke Esq.
   Attorney Kimberlee J. Sturtevant for Appellee City of Burlington
   Interested Person L. Diana Carlisle